### STEPHENS *v.* STEIN.

#### (*City Court of New York, Trial Term.* April 7, 1890.)

ASSIGNMENT FOR BENEFIT OF CREDITORS—LIABILITY OF ASSIGNEE ON LEASE.

Two days after goods on leased premises were seized under an attachment the owners made an assignment for benefit of creditors. Afterwards the attachment was vacated, and the assignee made a personal contract with the lessor, whereby he was to occupy the premises at less rent than was reserved in the lease to the assignors. The sheriff was in possession of the goods until the attachment was vacated. *Held,* that the assignee was personally liable for the rent only for the time that he was in possession under his agreement with the lessor, and not for the time that the sheriff was in possession.

Action by Anson P. Stephens against Benjamin Stein for rent. Mansell & Blume had leased the premises as a store-room from plaintiff for a year from May 1, 1889. During the tenancy (December 14, 1889) an attachment was levied on the stock of goods of the lessees, and two days later they made an assignment for benefit of creditors to defendant. The sheriff was in possession of the attached goods on the demised premises until January 30th, when the attachment was vacated. On February 1st defendant made a personal contract with plaintiff, whereby he was to occupy the premises by the month at a less rent than that reserved in the lease to Mansell & Blume.

*E. D. Barlow,* for plaintiff. *N. Bijur,* for defendant.

McADAM, C. J. An assignee for the benefit of creditors has an election to accept or decline the lease of premises previously held by his assignor. If he enters into possession and transacts business, he will be deemed to have accepted the term. If he enters, inventories, packs, and removes the goods within a reasonable time, and no longer occupies the premises, he is not liable for the rent. *Myers* v. *Hunt*, 8 N. Y. St. Rep. 338. The defendant, as assignee, took his rights subject to the attachment previously issued against his assignors, and to the custody and possession of the sheriff, which were released January 30, 1890. The assignee was not called upon to elect whether or not he would take the term until the sheriff vacated. That he did not

elect to take is evidenced by the fact that the assignee did not take possession under the lease assigned, but under a new arrangement by the month at a reduced rent. This new arrangement abrogated the lease held by the assignors. They are personally liable up till February 1, 1890. The liability of the defendant commenced on that day. He is not liable for the rent claimed, to-wit, from December 16, 1889, to February 1, 1890, and there must be judgment in his favor.